1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| INTERNATIONAL CULTURAL EXCHANGE GROUP, | ) ) ) | Case No. 5:14-cv-03014-PSG |
|---|---|---|
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO TRANSFER AND DISMISS** |
| v. | ) ) | |
| HARIFA, INC. et al., | ) ) | **(Re: Docket Nos. 9, 14, and 30)** |
| Defendants. | ) ) ) | |

The parties to this commercial dispute do not agree on much.[1]  But they do agree on this: their case does not belong here.  The question then is not whether this case should move, but where.  Plaintiff International Cultural Exchange Group wants the case remanded to California state court.[2]  Defendants IGO Group, Inc. and Chan-Yeh (John) Lin want the case transferred to the Northern District of Georgia to join with an ongoing parallel action,[3] while Defendants Wen-Hsueh Chu and Harifa, Inc. want the case dismissed outright and only in the alternative transferred to

---

[1] *See* Docket Nos. 30, 14, 9, 36, 39, 42, 52, 57 and 58.

[2] *See* Docket No. 30.

[3] *See* Docket No. 14.

1

Case No. 5:14-cv-03014-PSG
ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO TRANSFER
AND DISMISS

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Georgia.[4]  Because Defendants do not meet their burden of establishing that this court has subject matter jurisdiction, the court grants ICEG's motion to remand, but denies any sanctions.  The court denies IGO and Lin's motion to transfer and Chu and Harifa's motion to dismiss or transfer as moot.

## I.

Removal jurisdiction dates back to the Judiciary Act of 1789.  Its original purpose in diversity cases was to protect non-citizen defendants from being home-owned by local judges and juries.  In more recent times, removal appears more focused on securing perceived tactical advantages of litigating in federal versus state court.

Under 28 U.S.C. § 1446(a), a defendant seeking removal must include a "short and plain statement of the grounds for removal."[5]  An action is removable to federal court only if it might have been brought there originally,[6] such as under 28 U.S.C. § 1332 where there is complete diversity between the parties and the amount in controversy exceeds $75,000.[7]

To be a citizen of a state, a natural person must first be a citizen of the United States.[8]  The natural person's state citizenship is then determined by her state of domicile, not her state of residence.  A person's domicile is her permanent home, where she resides with the intention to

---

[4] *See* Docket No. 9.

[5] 28 U.S.C. § 1446(a) (requiring a notice "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such . . . defendants in such action"); *see also Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Quinones v. Target Stores*, Case No. 5:05-cv-03570-JW, 2005 U.S. Dist. LEXIS 31915, at *13 (N.D. Cal. 2005); *Silva v. Wells Fargo Bank NA*, Case No. 11-cv-3200-GAF-JCGx, 2011 U.S. Dist. LEXIS 64636, at *7 (C.D. Cal. June 16, 2011) ("[M]ere allegations suffice").

[6] *See* 28 U.S.C. §1441(a).

[7] 28 U.S.C. § 1332(a)(1); *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

[8] *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

2
Case No. 5:14-cv-03014-PSG
ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO TRANSFER
AND DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

remain or to which she intends to return.[9]  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."[10]

ICEG is a California corporation that produces festivals and cultural entertainment in China and the United States.[11]  ICEG has an exclusive agreement with an international manufacturer for the design and manufacture of giant illuminated lanterns depicting landmarks and holiday scenes.[12] As part of a collaboration with IGO and Lin to produce an event in Georgia called "Global Wonderland," ICEG, IGO, and Lin entered into a license agreement.[13]  ICEG later terminated the agreement, citing breach.[14]  Working with Chu and Harifa, IGO and Lin proceeded to produce an alternate event in Georgia called "Fantasy Wonderland."[15]

ICEG sued in the Northern District of Georgia alleging Lanham Act violations and trademark and trade dress infringement.[16]  ICEG also sued in California state court alleging breach of contract and unfair competition.[17]  Both suits also included claims that IGO and Lin

---

[9] See Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).

[10] Id.

[11] See Docket No. 30 at 3.

[12] See id.

[13] See id.

[14] See id. at 4.

[15] See id.

[16] See Docket No. 57; International Culture Exchange Group, Inc. v. Harifa, Inc., et al., Case No. 1:14-cv-1778-WBH (N.D. Ga.).

[17] See Docket No. 1.

Case No. 5:14-cv-03014-PSG
ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO TRANSFER AND DISMISS

misappropriated ICEG's trade secrets and conspired with Harifa and Chu to evade their obligations to ICEG.[18]

The Georgia federal court declined to consider the trade secret claims because the California state court had already entered an order temporarily restraining the use of ICEG's trade secrets and the use of the Fantasy Wonderland name as well as a collateral order prohibiting all associated advertising.[19]   The California state court also indicated an intention to rule in favor of ICEG on a motion for preliminary injunction, and ordered the parties to meet and confer on an appropriate written order.[20]   No meet and confer, however, took place.   Instead, Defendants removed the California state case to this court under Section 1446(a), citing diversity jurisdiction under Section 1332.[21]   Defendants then gave notice.[22]

ICEG now requests remand and associated fees and sanctions.[23]

## II.

The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[24]

---

[18] *See* Docket No. 58 at 1.

[19] *See* Docket No. 57 at 1-2.   During a June 13, 2014 preliminary injunction hearing in the Georgia suit, defense counsel was served with a copy of an ex parte temporary restraining order and supporting filings entered by the California state court.   *See* Docket No. 42 at 2-3; Declaration of John L. North ("North Decl."), ¶ 3-4.   The papers served included the license and services agreement between ICEG and Defendant IGO at issue in this action.   *Id.*   No protective order was in place when these papers were served on counsel for all defendants, including those not parties to the agreement. ICEG states in its supplemental submission that it intends to dismiss the Georgia suit in its entirety without prejudice.   Yet ICEG currently maintains trade secret and civil conspiracy claims in the Georgia suit.   *See* Docket No. 58 at 3.

[20] *See* Docket No. 42 at 3.

[21] *See* Docket No. 1.

[22] *See* Docket No. 42 at 4.

[23] *See* Docket No. 30.

Case No. 5:14-cv-03014-PSG
ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO TRANSFER AND DISMISS

Defendants may be right in highlighting the efficiencies of litigating all disputes in Georgia in spite of the license agreement's forum selection clause.  Especially in light of ICEG's own choice to file suit there, the record certainly suggests as much.  But the court must first consider whether the removal was proper such that it has subject matter jurisdiction because "[w]ithout jurisdiction, the court cannot proceed at all in any cause."[25]  A careful review of the pleadings reveals that subject matter jurisdiction does not lie here, leaving the court with nothing to do but to remand.[26]

### III.

Removal based on diversity jurisdiction is straightforward.  Even where the amount-in-controversy is not disputed as sufficient, the removing party must establish that the parties are completely diverse in citizenship.  Defendants do not establish this.

*First*, there is no dispute that as the removing parties, Defendants bear the burden of proving the diversity of their citizenship from that of ICEG.  Defendants do not dispute they bear this burden, nor do they dispute that this court must resolve all doubts as to the parties' diversity of citizenship in favor of remand.[27]

---

[24] *See* Docket Nos. 20, 21.

[25] *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)). *See also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented") (citing *U.S. v. Cotton*, 535 U.S. 625, 630 (2002)).  *See also Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1153 (N.D. Cal. 2009) (citing *Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965)).

[26] *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *cf. Grand Heritage Mgmt. LLC v. Murphy*, Case No. 06-cv-249-BR, 2006 WL 2090099, at * 1, 4 (D. Or. July 21, 2006).

[27] *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Gaus*, 980 F.2d at 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

Case No. 5:14-cv-03014-PSG
ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO TRANSFER AND DISMISS

*Second*, neither the complaint nor any proof offered by Defendants establishes anything more than that the parties are diverse in residency.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state," because a domicile requires not only residence but also an intention to remain or return.[28]  Neither the complaint nor any declaration from Lin or Chu speaks to intent and thus does not prove that either Lin or Chu is anything more than a resident of Georgia.  The law is clear that residency is not enough.

Defendants point to the explicit allegations in their notice of removal that Lin and Chu, and all Defendants, are citizens of Georgia, rendering the parties' citizenship completely diverse from that of ICEG, a citizen of California.[29]  Defendants are right that under Section 1446(a), only a "short and plain statement of the grounds for removal" is required.  But when a challenge is made to removal based on a lack of subject matter jurisdiction, a removing party may not rest on its broad allegations in its removal notice alone.  The removing party instead must point to underlying allegations in the complaint or present proof to supplement those allegations.[30]  Here Defendants do neither.  And so while their notice may not have run afoul of Section 1446(a), their response after ICEG raised its challenge nevertheless runs afoul of their separate obligation to prove that the elements of Section 1332 have been met.

Other cases in the Ninth Circuit have held as much.  For example, in *Gaus*, the Ninth Circuit itself held that the defendant bears the burden of actually proving the facts to support jurisdiction."[31]  To be sure, *Gaus* dealt with a challenge to the amount-in-controversy requirement, not diversity of citizenship.  But if the amount in controversy and diversity of citizenship are each

---

[28] *See Lew*, 797 F.2d at 749.

[29] *See* Docket No. 1 at 4, 8-13.

[30] *See id.*

[31] *Gaus*, 980 F.2d at 567.

6

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

required for jurisdiction under Section 1332, the same obligation to step forward with proof beyond the removal notice when removal is challenged must apply.

In *Liberty Nature Prods., Inc. v. Hoffman*, the District of Oregon agreed with the Fourth Circuit that, while notice pleading of diversity of citizenship is sufficient under Section 1446(a), once a challenge is made, proof beyond allegations of diverse citizenship in the removal notice is required.[32] "[S]hould the opposing party challenge the jurisdictional allegations . . . the party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."[33]

And in *Nickleberry v. Daimler Chrysler Corp.*, this court rejected the notion that an allegation of diversity of citizenship in a removal notice could overcome deficiencies of proof made in response to a motion to remand.[34]

This leaves only the issue of sanctions. ICEG makes much of the fact that Defendants' removal came after the California state court had set a trial date and ordered the parties to meet and confer on the form of a preliminary injunction order, and after Defendants had submitted a proposed order. ICEG further complains that Defendants published ICEG's trade secrets in their notice of removal. But Defendants were within their right to remove the action however questionable the timing[35] and were not required to inform ICEG of their intent to remove before

---

[32] *See Liberty Nature Prods., Inc. v. Hoffman*, Case No. 03:11-cv-00264-HU, 2011 WL 4625703, at *5.

[33] *Id.* (quoting *Ellenberg v. Spartan Motor Chassis, Inc.,* 519 F.3d 192, 200 (4th Cir. 1992); *In re Blackwater Sec. Consulting, LLC,* 460 F.3d 576, 583 (4th Cir. 2006)).

[34] *See Nickleberry v. Daimler Chrysler Corp.,* Case No. 3:06-cv-1002-MMC, 2006 WL 997391, at *1 (N.D. Cal. Apr. 17, 2006); *see also Leys v. Lowe's Home Centers, Inc.*, 601 F. Supp.2d 908, 909 (W.D. Mich. 2009).

[35] See Docket No. 42 at 2.

Case No. 5:14-cv-03014-PSG
ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO TRANSFER AND DISMISS

filing the notice of removal.[36]  They did so just after.[37]  Defendants complied with the statutory requirement to file all state court pleadings served on them, including orders actually entered by the state court[38] and "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."[39]  Because it had been served on Defendants without a protective order or other reasonable efforts to maintain secrecy, and there was no evidence the served papers contained trade secrets, Defendants also properly posted the license agreement.[40]  On balance, sanctions are not warranted.

**SO ORDERED.**

Dated: October 27, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[36] *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court").

[37] *See* Docket No. 42 at 6.

[38] *Id.* at 2.

[39] 28 U.S.C. § 1446(a).

[40] *See* Cal. Civ. Code §3426.1(d)(2); *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs., Inc.*, 923 F. Supp. 1231, 1250 (N.D. Cal. 1995); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1523 (1997); *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1454 (2002).

8

Case No. 5:14-cv-03014-PSG
ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO TRANSFER AND DISMISS